**LAW OFFICES OF THOMAS MORE HOLLAND**  ATTORNEY FOR PLAINTIFF
**By: THOMAS MORE HOLLAND**
**IDENTIFICATION NOS.: 43517**
**GRACE HALL**
**1522 LOCUST STREET**
**PHILADELPHIA, PA 19102**
**(215) 592-8080**

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE MCCLIMENT** | ' | |
| 624 Rock Street | ' | |
| Easton, PA 18042 | ' | **CIVIL ACTION** |
| Plaintiff, | ' | |
| | ' | |
| v. | ' | NO.: _____ |
| | ' | |
| **EASTON AREA SCHOOL DISTRICT** | ' | |
| 811 Northampton Street | ' | |
| Easton, PA 18042 | ' | **JURY TRIAL DEMANDED** |
| | ' | |
| **Defendant.** | ' | |

## NOTICE TO PLEAD

You have been sued in court.  If you wish to defend against the claims set forth In the following pages. **you must take action within twenty (20) days** after this complaint and notice are served, by entering a written appearance **personally or by attorney** and filing in writing with the court your defenses or objections to the claims set forth against you.  **You are warned** that if you fail to do so the case may proceed without you and a **judgment may be entered against you** by the court **without further notice** for any money claimed in  the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

PHILADELPHIA BAR ASSOCIATION
**LAWYER REFERRAL AND INFORMATION SERVICE**
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA, 19107
**TELEPHONE: (215) 238-1701**

## I. INTRODUCTION

1. Plaintiff, Denise McCliment, is an adult individual who alleges through her attorneys, the Law Offices of Thomas More Holland, that her rights to be free from discrimination under the Americans with Disabilities Act (42 U.S.C. § 12111 *et seq.)* and Rehabilitation Act 29 U.S.C. § 794 et seq. have been violated and avers as follows:

## II. PARTIES

2. Plaintiff, Denise McCliment, is an adult individual residing at 624 Rock Street, Easton, PA 18042.  At all times material hereto, Plaintiff was employed by Defendant Easton Area Schools as a part-time custodian.

3. Defendant Easton Area Schools (Defendant Easton) is a municipal school district conducting business at 811 Northampton Street, Easton, PA 18042.

## III. JURISDICTION

4. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce,  28 U.S.C. § 1343(4), and 28 U.S.C. § 1331.   This action is authorized and instituted pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12111 *et seq* and Rehabilitation Act 29 U.S.C. § 794 et seq.

## IV. FACTS

5. Plaintiff is a forty (40) year old female hired by Defendant Easton on or about April 1, 2002.  At all times material hereto, Plaintiff was employed as a Substitute

Custodian and had a better than average attendance and performance record.

6. Plaintiff suffers from a learning disability, dyslexia, and seizure disorder. At all times material hereto, Plaintiff suffered from these disabilities while employed with Defendant Easton.

7. Defendant provided no accommodation for Plaintiff's disabilities.

8. Plaintiff applied for a permanent positions as a Custodian at Easton High School and Shawnee Middle School in 2003 and 2005.

9. Defendant did not interview Plaintiff for either position.

10. Defendant failed to hire Plaintiff for either position.

11. Defendant formulated and implemented a plan of retaliation for Plaintiff's assertion of her federally protected rights and remedies.

## COUNT I
## DISABILITY DISCRIMINATION UNDER
## THE REHABILITATION ACT

12. Plaintiff incorporates the above numbered paragraphs as if the same were set forth more fully at length herein.

13. Plaintiff is an "individual with a disability" as defined by 29 U.S.C. §706(8).

14. Defendant Easton operates "programs and activities" as defined by 29 U.S.C. §794(b). Defendant Easton receives federal financial assistance.

15. Plaintiff was unlawfully subjected to discrimination based on her disability in violation of 29 U.S.C. §794(a).

16. As a direct and proximate result of Defendant Easton's employment

      discrimination, Plaintiff has suffered the indignity of discrimination, the invasion of her rights to be free from discrimination, which have caused her extreme humiliation, emotional distress and frustration.

17. The above-mentioned acts are wilful, wanton, malicious, and oppressive and justify the imposition of punitive damages.

18. As direct and proximate result of Defendant Easton's discrimination, Plaintiff has been deprived of economic and non-economic benefits, including but not limited to: the increased difficulty in performing her job because of the failure to accommodate, lost wages (as a result of denied or untimely promotions), pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among her friends and co-workers, disruption of her personal life and loss of the enjoyment of the ordinary pleasures of life.

    **WHEREFORE**, Plaintiff demands compensatory and punitive damages in addition to counsel fees and costs. The above acts are willful and wanton, and warrant the imposition of punitive damages.

COUNT II

**AMERICAN WITH DISABILITIES ACT (ADA), 42 U.S.C. ' 12111 *et seq*.**
**DISABILITY DISCRIMINATION**

19. The above mentioned paragraphs are incorporated as if set forth more fully herein.

20. Pursuant to 42 U.S.C. ' 12102(2)(A), (B) and (C), Plaintiff is a qualified disabled individual within the meaning of the ADA because:

    a. of physical and/or mental impairment(s) that substantially limit one or more major life activities;

    b. Plaintiff has a record of such impairment(s); or

      c.     Plaintiff was regarded as having such impairment(s).

21. At all times material hereto, Plaintiff was a qualified individual with a disability, which did not prevent performance of the essential functions of the job.

22. At all times material hereto, defendant knew, or should have known, of Plaintiff's need for reasonable accommodation.

23. Defendant failed to accommodate Plaintiff including, but not limited to, refusing to consider alterative measures of reasonable accommodation or engaging in an interactive process with Plaintiff.

24. Defendant's failure to engage in the interactive process with Plaintiff in violation of 29 C.F.R. ' 1630.2(o)(3), deprived Plaintiff of reasonable accommodation.

25. Pursuant to 42 U.S.C. ' 12112 (b)(5)(A), defendant's refusal to reasonably accommodate Plaintiff in the performance of work-related duties is a deprivation of Plaintiff's protected rights under the ADA.

26. As a direct and proximate result of defendant's unlawful discrimination, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

27. Defendant acts were willful, wanton, malicious, oppressive and with reckless disregard for Plaintiff's federally protected rights; therefore, justifying the imposition of punitive damages.

28. Plaintiff demands favorable judgment against defendant for all available equitable relief, all past and present wages, salary, employment benefits, counsel fees and costs or other compensation denied or lost by reason of the aforesaid violations.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages in addition to counsel fees and costs, and an equitable Order against defendant to refrain from the behavior held to be unlawful under the Americans with Disabilities Act.

## COUNT III
## SEX DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. Plaintiff incorporates the above numbered paragraphs as if the same were set forth more fully at length herein.

30. Plaintiff is an adult female employed as a Substitute Custodian.

31. Plaintiff was subjected to disparate treatment due to her gender, specifically the failure of Defendant Easton to consider Plaintiff for full-time employment.

32. Defendant has unlawfully discriminated against Plaintiff, Denise McCliment, based on her sex and because she opposed conduct which was made an unlawful practice by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-2(a).

33. As a direct and proximate result of Defendant's unlawful employment practices and disregard for plaintiff's rights and sensibilities, Plaintiff, Denise McCliment, has suffered the indignity of discrimination and the invasion of her right to be free from discrimination.

34. As a further direct and proximate result of Defendant's unlawful employment practices, Plaintiff, Denise McCliment, has suffered extreme mental anguish,

outrage, severe anxiety about her work and her ability to support herself, painful embarrassment among her friends and co-workers, damage to her good reputation, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages in addition to counsel fees and costs, and an equitable Order against defendant to refrain from the behavior held to be unlawful under Title VII of the Civil Rights Act of 1964.

## COUNT IV

### RETALIATION

35. The above mentioned paragraphs are incorporated as if set forth more fully herein.

36. In violation of public policy, Defendant Easton Area School District discriminated against Plaintiff in the nature of mounting a plan to sabotage the applications made in retaliation for Plaintiff having exercised federally protected rights pursuant to 42 U.S.C. ' 12112(b)(5)(A). Defendant Easton's decision not to hire and intention to sabotage Plaintiff's applications violated the clear mandated and well-recognized public policy.

37. As a direct and proximate result of the unlawful discrimination against Plaintiff, the Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

38. The above-mentioned acts were willful, wanton, malicious, oppressive and done with reckless disregard of Plaintiff's protected rights and justify the imposition of punitive damages.

**WHEREFORE,** Plaintiff demands reinstatement of employment, compensatory and punitive damages in addition to counsel fees and costs and such further relief as deemed necessary by the Court.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. The above mentioned paragraphs are incorporated as if set forth more fully herein.

40. At all times material hereto, Defendant Easton ratified the acts of its employees, workmen, servants, and agents.

41. Defendant Easton acted extremely and outrageously when by and through their agents and employees they made disparaging, and inflammatory remarks about the Plaintiff, including the compilation of false information designed to prevent Plaintiff from working for Defendant Easton and from being hired for a full-time position.

42. The disparaging, inflammatory, and false information was directed at Plaintiff with personal animus.

43. As a result of Defendant's extreme and outrageous behavior, Plaintiff suffered severe emotional distress including, but not limited to, extreme mental anguish, outrage, severe anxiety about her future and ability to support herself, painful embarrassment among her friends and co-workers, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the pleasures of everyday life. These injuries may include aggravations of pre-existing condition(s).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court impose compensatory and punitive damages against Defendant Easton.

|  |  |
|---|---|
| _____<br>Date | By: _____<br>THOMAS MORE HOLLAND<br>Attorney No.: 43517<br>For the Plaintiff<br>Grace Hall<br>1522 Locust Street<br>Philadelphia, PA 19102<br>(215) 592-8080<br>(215) 592-8550 Fax |