```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                      :
DENISE McCLIMENT,                     :   CIVIL ACTION
                                      :
               Plaintiff,             :
                                      :
                                      :
     v.                               :   NO. 07-0472
                                      :
EASTON AREA SCHOOL DISTRICT,          :
                                      :
               Defendant.             :
_____:
```

HENRY S. PERKIN                                          August 10, 2007
UNITED STATES MAGISTRATE JUDGE

## MEMORANDUM

Presently before this Court is the Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendant, Easton Area School District ("Defendant"), and the Opposition filed by Plaintiff, Denise McCliment ("Plaintiff"). For the reasons that follow, Defendant's Motion to Dismiss is denied.

**I.   BACKGROUND.**

A telephone conference pursuant to Federal Rule of Civil Procedure 16 was held with counsel on August 6, 2007. During that conference, Plaintiff's Motion for Leave to File a Third Amended Complaint was discussed. Defendant's counsel did not oppose this Court's granting Plaintiff's Motion as long as Defendant's Motion to Dismiss could be considered as a Motion to Dismiss Plaintiff's Third Amended Complaint.

In her Third Amended Complaint, Plaintiff asserts claims for disability discrimination under the Rehabilitation Act

(Count I) and Americans With Disabilities Act (Count II); gender or sex discrimination under Title VII of the Civil Rights Act of 1964 (Count III); retaliation under 42 U.S.C. section 12112(b)(5)(A) (Count IV); and equal-protection violations of 42 U.S.C. section 1983 (Count V).  Plaintiff's assertions cover the years 2003 to 2006.

**II.  STANDARD OF REVIEW**.

A Rule 12(b)(6) motion to dismiss examines the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45 (1957).  In determining the sufficiency of the complaint the court must accept all plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs.  Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1997).  A "court should not grant a motion to dismiss 'unless it appears beyond a doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'"  Graves, 117 F.3d at 726 (citing Conley, 355 U.S. at 45-46).

**III. DISCUSSION**.

Defendant's Motion to Dismiss has four sections, each of which will be discussed seriatim.

**A.   Counts I through V - Discrimination in 2005.**

Defendant first moves to dismiss Counts I through V of Plaintiff's Third Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), with respect to allegations of

discrimination in 2005.  Defendant contends that Plaintiff's averments of not being interviewed and/or hired for a full-time custodial position during 2005 must be dismissed because no vacancies existed in 2005.  In support of its Motion, Defendant produced two affidavits, one executed by defense counsel, and a second signed by the Defendant's former Assistant Superintendent and current Acting Superintendent, Joseph Kish.  Mr. Kish's affidavit is offered as evidence that "no full-time custodial positions existed in 2005."  Def.'s Mot., Ex. E.  In response, Plaintiff claims that discovery will show she was passed over or not even considered for a permanent position in 2005.  Moreover, Plaintiff challenges the validity of the affidavit because Mr. Kish is the School District Superintendent, and no evidence has been presented that he is responsible for managing human resource documents or the hiring of custodians.  Pl.'s O'ppn, p. 6.  Plaintiff notes that the Defendant does not provide an affidavit of a person with direct oversight to the hiring, scheduling, and/or supervision of custodians in the school district.  Id.

In deciding a motion to dismiss, courts may consider the complaint, matters of public record, and documents that form the basis of the claim.  Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004).  A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

document.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  As Defendant notes, if on a motion to dismiss a party presents matters outside the pleadings, the court must convert the motion into one for summary judgment and give all parties a reasonable opportunity to present material pertinent to such a motion under Federal Rule of Civil Procedure 56.  Def.'s Br. in Supp. Mot. to Dismiss, p. 7 (citing FED R. CIV. P. 12(b) and Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989)).

      The instant affidavits are outside the purview of the Court's review on a motion to dismiss.  See Rose, 871 F.2d at 340 and Lum, 361 F.3d at 222 n.3.  Because the submitted affidavits are neither relied upon by Plaintiff nor integral to Plaintiff's Third Amended Complaint, we will not consider such documentation in deciding this Motion, and the Motion must be denied with regard to Plaintiff's claims for discrimination alleged to have occurred in 2005.

  **B.**  **Whether Plaintiff Failed to Exhaust Her Administrative Remedies for Her Sex Discrimination Claim.**

      Defendant next argues that Plaintiff failed to exhaust her administrative procedures regarding her sex or gender discrimination claim and that claim must be dismissed because Plaintiff does not possess a "right to sue" letter issued by the Equal Employment Opportunity Commission ("EEOC") pertaining to her gender discrimination claim.  Plaintiff responds that a

right-to-sue letter is not required to file suit, so long as the administrative process has been exhausted.  Plaintiff contends the administrative process was exhausted when the EEOC reviewed her gender discrimination claim and submitted it to the United States Department of Justice ("DOJ") for investigation.

Receipt of a right-to-sue letter is a statutory prerequisite to filing suit under Title VII.  See Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984).  Where the EEOC fails to issue such a letter despite the expiration of the 180 day deadline, however, courts have allowed a plaintiff to proceed if she can show she is entitled to the right-to-sue letter and has requested it.  Scott v. Metropolitan Life Ins. Co., Civ. A. No. 00-2090, 2000 WL 1100787, at *3 (E.D. Pa. Aug. 7, 2000)(citing Anjelino v. New York Times Co., 200 F.3d 73, 96 (3d Cir. 2000); Gooding, 744 F.2d at 357-59; Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1526 (11th Cir. 1983); Johnson-Medland v. Bethanna, Civ. A. No. 96-4258, 1996 WL 612467, at *6 (E.D. Pa. Oct. 17, 1996); Dougherty v. Lower Merion, No. CIV. A. 96-1589, 1996 WL 273675, at *2 (E.D. Pa. May 15, 1996)).  Otherwise, a plaintiff would be required to compel the EEOC to issue the letter through a writ of mandamus, a cumbersome process.  Id.(citing Johnson-Medland, 1996 WL 612467, at *6; Dougherty, 1996 WL 273675, at *2).

Here, Plaintiff's efforts to secure a right-to-sue

letter regarding her gender discrimination claim are documented by attachments to Plaintiff's Opposition to the Motion to Dismiss.  The three pertinent documents Plaintiff attaches to the Opposition are the April 24, 2006 EEOC Determination (Pl.'s Opp'n, Ex. B); the July 24, 2006 Notice of EEOC Conciliation Failure (Id., Ex. C); the November 27, 2006 DOJ Civil Rights Division Right to Sue Letter (Id., Ex. D); and an Affidavit executed by Plaintiff's counsel that he is attempting to obtain a right-to-sue letter for this claim (Id., Ex. G).  Because these documents relate directly to Plaintiff's Third Amended Complaint, they may be considered for this Motion to Dismiss.  Pension Benefit Guar. Corp., 998 F.2d at 1196.

      A review of these documents reveals that Plaintiff's claim for sex or gender discrimination was presented to the EEOC and the DOJ Civil Rights Division, along with Plaintiff's other ADA and Title VII claims currently before this Court.  It appears that the EEOC reviewed these claims because Marie M. Tomasso, District Director, wrote: "[t]he Commission makes no finding of discrimination based upon the Charging Party's gender."  Pl.'s Opp'n, Ex. B, p. 2.  Following the unsuccessful conciliation before the EEOC, the DOJ issued a Notice of Right to Sue, but the letter is silent as to Plaintiff's Title VII gender discrimination claim.  Pl.'s Opp'n, Ex. D.  Because Plaintiff's counsel is attempting to secure the right-to-sue letter regarding

Plaintiff's sex discrimination claim, Defendant's Motion must be denied as to this issue.

### C. Plaintiff's Claims in Counts I, II, and V Pre-Dating February 2, 2005.

Defendant also moves to dismiss claims in Counts I, II, and V of Plaintiff's Third Amended Complaint that pre-date February 2, 2005. Defendant argues that those claims are time-barred, because Plaintiff's original Complaint was filed February 2, 2007, and the Rehabilitation Act and 42 U.S.C. section 1983 both have two year statutes of limitation. Plaintiff responds that her claims are not barred pursuant the continuing violation doctrine, and therefore should not be dismissed.

The continuing violation doctrine enables claims to toll statutes of limitation if they meet requirements set out by the United States Court of Appeals for the Third Circuit:

> To demonstrate a continuing violation, the plaintiff first must show that at least one discriminatory act occurred within the 300-day period. West, 45 F.3d at 754. Second, the plaintiff must show that "the harassment is 'more than the occurrence of isolated or sporadic acts of intentional discrimination,'" and instead must demonstrate a continuing pattern of discrimination. Id. at 755(citation omitted). A plaintiff satisfying these requirements may present evidence and recover damages for the entire continuing violation, and the 300-day filing period will not act as a bar. Id.
>
> We have followed Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971 (5th Cir. 1983), the leading case on the continuing violation theory. The Berry court enumerated several factors relevant to the determination of whether a plaintiff has

7

   demonstrated a continuing violation:

> The first is subject matter.  Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation?  The second is frequency.  Are the alleged acts recurring ... or more in the nature of an isolated work assignment or employment decision?  The third factor, perhaps of most importance, is degree of permanence.  Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert this or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate?

Rush v. Scott Specialty Gas, 113 F.3d 476, 481-482 (3d. Cir. 1997).  Because it is impossible to determine whether the subject discriminatory actions were discrete instances of alleged discrimination that are not susceptible to a continuing violation analysis, Defendant's motion must be denied as to this issue.

   Similarly, neither Plaintiff's ADA claim nor her civil rights claim pursuant to 42 U.S.C. section 1983 can be dismissed at this time.  Defendant cites case law which states that the cause of action accrues and the statute of limitation begins to run on an ADA claim when a plaintiff knows or has reason to know of the injury that is the basis for the action. Def.'s Br. in Supp. Mot. to Dismiss, p. 10.  In this case, however, Plaintiff is an individual with disabilities which may affect her knowledge level or ability to reason.  It is impossible to determine at this juncture when Plaintiff's cause of action accrued for either

her ADA or civil rights claims.  Accepting as true all factual allegations in Plaintiff's Third Amended Complaint and all inferences reasonably drawn therefrom, we cannot conclude that no relief can be granted under any set of facts that may be proven by Plaintiff, and must deny the Motion as to this issue.

### D.    Allegations of Discriminatory Occurrences Prior to January 7, 2004 in Counts II, III and IV.

Finally, Defendant moves to dismiss Counts II, III and IV of Plaintiff's Third Amended Complaint, with respect to any alleged discriminatory occurrences prior to January 7, 2004. Defendant argues that these claims are statutorily barred by the requirement that all complaints or occurrences must occur within 300 days of filing a complaint with the EEOC.  Plaintiff filed a complaint with the EEOC on November 4, 2004; therefore, Defendant argues all claims in Plaintiff's Third Amended Complaint prior to that date are time-barred.  Plaintiff's response is that the continuing violations doctrine tolls the statute of limitations for incidents occurring between 2003 and 2006 that were sufficiently similar and frequent, and that Plaintiff had no way to know she was the victim of discrimination at the time of the incidents.

As Plaintiff notes, "[t]he Third Circuit has held that filing a timely charge with the EEOC is similar to the statute of limitations, and is subject to tolling."  See Resp., p. 12 (citing West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.

9

1995)).  Plaintiff also notes that the Third Circuit has accepted that the filing of a timely charge with the EEOC is subject to the continuing violations doctrine.  Resp., p. 12 (citing Rush, 113 F.3d at 481).

Plaintiff's claims cannot be dismissed without further information regarding whether the continuing violations doctrine applies to the instant action.  Plaintiff's assertions that violations occurred between 2003 and 2006, that those violations were frequent, and that Plaintiff had no way to know she was the victim of discrimination may, after discovery, be supported by evidence.  Therefore, accepting as true all factual allegations in Plaintiff's Third Amended Complaint and all inferences reasonably drawn therefrom, the Motion must be denied with respect to all causes of action based on occurrences before January 7, 2004 in Counts II through IV of Plaintiff's Third Amended Complaint.

For all of the foregoing reasons, Defendant's Motion is denied.  An appropriate Order follows.

```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
DENISE McCLIMENT,                   :     CIVIL ACTION
                                    :
            Plaintiff,              :
                                    :
                                    :
    v.                              :     NO. 07-0472
                                    :
EASTON AREA SCHOOL DISTRICT,        :
                                    :
            Defendant.              :
_____:
```

**ORDER**

      AND NOW, this  10th  day of August, 2007, upon consideration of the Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendant, Easton Area School District ("Defendant"), and the Opposition filed by Plaintiff, Denise McCliment ("Plaintiff") thereto, it is hereby ORDERED that Defendant's Motion to Dismiss is DENIED.

                                       BY THE COURT:


                                       */s/ Henry S. Perkin*
                                       HENRY S. PERKIN,
                                       United States Magistrate Judge